Stokes *vs.* Duncan & Johnson.

---

G. M. STOKES, plaintiff in error, *vs.* DUNCAN & JOHNSON, defendants in error.

(LOCHRANE, Chief Justice, was absent when this cause was heard.)

It appeared, from the record, that Stokes, a country merchant, had, under a contract with a neighboring planter, advanced supplies and money to make a crop, and he was to have control of the same, and to be first paid from the proceeds; that, during the summer, Duncan & Johnson, commission merchants at Savannah, also advanced supplies and money to the planter, with the notice of Stokes' claims, it being understood that cotton would be sent to them, at Savannah, for sale, out of which they would be paid, all the parties believing that a crop of three hundred or three hundred and fifty bales would be made. On October the 15th, after thirty-nine bales had been sent to Duncan & Johnson, Stokes wrote to them a letter, stating that the planter wanted some money and desired his cotton sold as it arrived, unless.

they would advance upon it and hold it for a better market, and add·ing that, as the planter owed both of them, it was proposed, as a mutual arrangement, that, as any cotton was sold, Duncan & Johnson should pay its expenses and the balance should be divided between them, to-wit: Duncan & Johnson and Stokes, on their several debts. Afterwards, other cotton was sent to Duncan & Johnson, and they sold the whole, say eighty bags, paying expenses and sending' half the proceeds to Stokes and retaining half on their debt, which, at the time, was thus discharged. Duncan & Johnson, expecting further shipments from the expectation of the crop, and from *their* understanding of Stokes' letter, made further advances to the planter. Stokes, finding the crop would be only one hundred and seventy-five bales, instead of three hundred or three hundred and fifty, by direction of the planter, and to save himself, sent forward the balance of the cotton to other Savannah merchants, and sold the same and took the whole of the proceeds on his own debt:

*Held,* That there was nothing in the letter of Stokes, of October 15th, to bind him to send forward the *whole of the crop to Duncan & Johnson,* and it was error in the Court to charge the jury that he was so bound.

*Held, further,* That, under all the facts as set forth in the record, the verdict was sustained by the evidence, and the Court erred in granting a new trial.

New trial. Before Judge CLARK. Lee Superior Court. May Term, 1871.

This case is sufficiently reported in the opinion.

HAWKINS & BURKE; F. H. WEST, by R. H. CLARK, for plaintiff in error.

HINES & HOBBS, for defendants.

McCAY, Judge.

This case turns entirely upon the evidence, and upon the construction of Stokes' letters. We do not think there is anything in Stokes' letters *binding* him to send to Duncan & Johnson the whole of the cotton crop of Hunt and Bryan. We can easily see how the parties might have so expected, and we do not doubt but that Stokes himself so expected.

But this was a common expectation, growing out of the

confidence of all the parties, that the crop would pay every-thing and leave Hunt and Bryan a surplus for their own use. This expectation cannot be derived from any agreement by Stokes, or any promise of his in his letters. The evidence of Mr. Johnson, taken literally, it is true, establishes this as well as that of Mr. Duncan, but the latter says he was not at home during the year, and professedly states nothing on his own knowledge, while Mr. Johnson, though he states and repeats, over and over again, Stokes' agreement, at the same time states that he derives that agreement solely from the letters he produces, admitting that there was nothing but these to base his statements upon. On looking carefully at these letters we feel satisfied that they contain no such agreement, and we will not disturb the verdict of the jury.

It is not our province to judge of the facts of a case in the teeth of the verdict of a jury, unless the verdict and the facts be so antagonistical as to make a case of prejudice, mistake, etc. True, the Judge has, in this case, granted a new trial, and, as a general rule, we will not interfere with his discretion in such cases. But we do not think the verdict in this case was contrary to the evidence, and the Judge doubtless acted mainly upon his construction of the letters. As we have said, we do not think there is anything in the letters binding Stokes to the extent supposed by the Judge, and so believing, we think the verdict is with rather than against the weight of evidence.

Judgment affirmed.